**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HORST ERNST WILHELM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 3:09-cv-488-RCJ-RAM |
| v. ) | |
| ) | |
| SAMUEL M. YOTT, an individual, HORST ) | **ORDER** |
| ANTON WILHELM, an individual, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

Currently before the Court is a Renewal of Motion to Dismiss (#115) filed by Defendant Samuel M. Yott ("Yott") on September 23, 2009. Plaintiff Horst Ernst Wilhelm ("Plaintiff") filed an Opposition to Motion to Dismiss (#126) on October 8, 2009.[1]

**BACKGROUND**

This case arises from an automobile accident that occurred on Interstate 80 near Winnemucca, Nevada. According to the complaint, on January 31, 2006, Plaintiff was towing a disabled vehicle with his truck while traveling on the interstate. (Complaint for Damages (#1) at 2). Defendant Horst Anton Wilhelm ("Defendant Wilhelm") was allegedly acting as a "spotter" for Plaintiff. The complaint states that at the time of the accident, Defendant Wilhelm "negligently departed his post" behind Plaintiff's vehicle while Plaintiff was exiting the interstate, and Yott "negligently collided" with Plaintiff. Id.

Following the accident, Plaintiff filed a complaint on January 28, 2008, in the United States District Court for the Eastern District of California. On September 17, 2008, that court

---

[1] Because Yott filed a renewed motion to dismiss, the Court also considered Yott's original Motion to Dismiss (#77), and Plaintiff's initial Opposition to Motion to Dismiss (#94).

entered a pretrial scheduling order in which the court stated that "all named defendants have been served except Samuel M. Yott." (Order (#12)). The court granted Plaintiff 90 days to effect service on Yott "or the case will be dismissed as to the unserved defendant, unless the court specifically orders otherwise." Yott was not served with process until March 25, 2009.

On August 19, 2009, pursuant to an order by the California court, the case was transferred to the District of Nevada. (Order (#110)). After the case was transferred, Yott filed a request to renew his motion to dismiss previously filed in that court.

**DISCUSSION**

Yott moves to dismiss the claims asserted against him based on "untimely service, both under FRCP 4(m) and FRCP 12(b)(4) and 12(b)(5)." (Def.'s Mot. to Dismiss (#77) at 3). According to Yott, service upon him on March 25, 2009, was untimely because it violated the 120-day rule established in Rule 4(m), and also violated the court's prior scheduling order requiring that Yott be served within 90 days of September 17, 2008. Yott states that service "was not accomplished until 189 days after the Court's Status Order . . . and 422 days after the filing of the Complaint." Id. at 4. As such, Yott requests that the claims asserted against him be dismissed.

In response, Plaintiff argues that the case should not be dismissed against Yott because Yott obstructed and delayed service of process in this matter. (Objections to Motion to Dismiss (#126) at 1). According to Plaintiff, on March 5, 2008, Plaintiff attempted to serve Yott at his address in Winnemucca, Nevada. (Opposition to Motion to Dismiss (#94)). Yott's stepfather refused the certified letter stating that Yott was in the Air Force and no longer lived at that residence.[2] Plaintiff also attempted to serve Yott at the California address Yott listed on the accident report. Id. at 2. However, the California sheriff could not locate Yott because Yott had either moved or was transferred to another base. Plaintiff, in an attempt to find Yott, contacted his United States Senator who informed Plaintiff that Yott was stationed at Kirtland

---

[2] At the time of the accident, Yott's driver's license listed his address as a home in Winnemucca, Nevada. However, his car registration and the address he gave in the traffic accident report was for Travis Air Force Base in California. After attempting to serve Yott in both Nevada and California, Plaintiff learned that Yott had moved to Florida and later New Mexico. Id.

Air Force Base in New Mexico. Id. Plaintiff states that a copy of the complaint and summons was sent to the sheriff in New Mexico on February 16, 2009, but that service was not effected on Yott until five weeks later. As noted by Yott, this service was well beyond that 120-day limit established under Rule 4(m).

Rule 4(m) provides in part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Rule 4(m), "as amended in 1993, requires a district court to grant an extension of time when the plaintiff shows good cause for the delay." Efaw v. Williams, 473 F.3d 1038, 1040 (9th Cir. 2007). "Additionally, the rule permits the district court to grant an extension even in the absence of good cause." Id. District courts have broad discretion to extend time for service under Rule 4(m). Id.; see also United States v. 2,164 Watches, 366 F.3d 767, 772 (9th Cir. 2004). "A district court may, for instance, extend time for service retroactively after the 120-day service period has expired." Id. (citing Mann v. Am. Airlines, 324 F.3d 1088, 1090 (9th Cir. 2003)). "On its face, Rule 4(m) does not tie the hands of the district court after the 120-day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint after the 120-day period." Mann, 324 F.3d at 1090. "In making extension decisions under Rule 4(m) a district court may consider factors 'like statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." Efaw, 473 F.3d at 1041 (citing Troxell v. Fedders of N.Am. Inc., 160 F.3d 381, 383 (7th Cir. 1998)).

In this matter, although Yott's employment in the military may have complicated Plaintiff's efforts to serve him, Yott is entitled to an order dismissing the claims against him on the grounds that service was untimely. Plaintiff had 120-days under Rule 4(m) within which to effect proper service of process. In addition, the California court issued an order in which Plaintiff was to serve Yott within 90 days. Neither of these deadlines were met. Thus,

dismissal without prejudice is appropriate.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendant Samuel M. Yott's Renewed Motion to Dismiss (#115) is GRANTED.

DATED: This __30th__ day of March, 2010.

_____
United States District Judge

4